UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DEAN A. TRAN and )<br>TUYET T. MARTIN, )<br>)<br>Defendants. )<br>) | Criminal No.<br>24-10178-FDS |

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS COUNTS ONE AND THREE OF THE INDICTMENT ON *FISCHER* GROUNDS

**SAYLOR, C.J.**

Defendants Dean Tran and Tuyet Martin have been charged with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Tran has moved to dismiss Count One and Martin has moved to dismiss Count Three. Both defendants contend that after the Supreme Court's recent ruling in *Fischer v. United States*, 603 U.S. 480, 489 (2024), those counts have been improperly charged under § 1512(c)(2). For the following reasons, the motions will be denied.

Section 1512(c) provides:

Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

The *Fischer* Court "focused on what conduct was prohibited by the 'otherwise' clause in

§ 1512(c)(2) and emphasized that its broad language is cabined by the narrower terms that precede it in § 1512(c)(1)." *United States v. De Bruhl*, 118 F.4th 735, 746-47 (5th Cir. 2024) (citing *Fischer*, 603 U.S. at 489). The court concluded that § 1512(c)(2) is not a "one-size-fits-all solution to obstruction of justice," *Fischer*, 603 U.S. at 497, but instead more narrowly proscribes "impair[ing] the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempt[ing] to do so," *id.* at 498. In substance, therefore, § 1512(c)(2) covers obstruction that implicates actual or potential *evidence*. *See id.* at 492 ("[S]ubsection (c)(2) was designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1).").

Here, both Counts 1 and 3 allege that defendants created false employment-offer letters in the course of a fraudulent scheme to obtain unemployment benefits for Tran, and that they made false statements about, and concealed, the "true and complete" nature of the letters. Specifically, Count 1 charges that Tran made false statements and concealed the truth about the letters from federal law enforcement agents; Count 3 alleges that Martin did so to the grand jury. Both counts charge that the purpose was to obstruct, influence, and impede the grand jury investigation.

Defendants first contend that under *Fischer* the charged conduct falls entirely outside the scope of § 1512(c). They then argue that even if the charged conduct is within the scope of the statute, that conduct is covered by subsection (c)(1) and thus cannot be properly charged under subsection (c)(2). Because the indictment properly charges a crime under subsection (c)(2), both arguments fail.

First, "[s]ubsection (c)(2) . . . ensures that liability is still imposed for impairing the

availability or integrity of . . . witness testimony or intangible information." *Fischer*, 603 U.S. at 491 (2024) (approving *United States v. Mintmire*, 507 F.3d 1273, 1290 (11th Cir. 2007), a "prosecution under subsection (c)(2) based in part on the defendant's attempt to orchestrate a witness's grand jury testimony"). The indictment charges Tran with "providing false information about" the offer letter to law enforcement, and charges Martin with "testifying falsely about" the letter to the grand jury. Such false statements about a document "impair[ ] [its] integrity or availability" in a way closely related to—but not specifically captured in—subsection (c)(1). Those charges are therefore covered by subsection (c)(2). *See id.*

Second, under *Fischer*, subsection (c)(2) prohibits "impairing the availability or integrity of . . . things used in an official proceeding" that are not listed in subsection (c)(1). In subsection (c)(1), the word "conceal" applies to "record[s], document[s], or object[s]." 18 U.S.C. § 1512(c)(1). In the indictment, the word "conceal" applies to "the true and complete nature" of the documents. Concealing the true and complete nature of a document is not the same thing as physically concealing a document. Again, however, it conceals evidence in a way closely related to the activities prohibited by § 1512(c)(1). It therefore falls within the "otherwise" clause of (c)(2). *See Fischer*, 603 U.S. at 492.

In short, Counts 1 and 3 charge conduct that involves the concealment of the true and complete nature of certain documents in order to obstruct an official proceeding. That conduct is similar to, but not specifically covered by, § 1512(c)(1). Under the circumstances, such conduct is covered by the "otherwise" clause of § 1512(c)(2).

Accordingly, and for the foregoing reasons, defendant Tran's motion to dismiss Count 1 (ECF No. 44) and defendant Martin's motion to dismiss Count 3 (ECF No. 43) are DENIED.

**So Ordered.**

    /s/  F. Dennis Saylor IV
    F. Dennis Saylor IV
Dated:  December 13, 2024    Chief Judge, United States District Court